# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KALVIN MICHAEL KRONMEYER, | No. 59964-3-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| MEREDITH FAYE GUESMAN, | |
| Respondent. | |

CHE, J. — Kalvin Kronmeyer and Meredith Guesman have a child, KK, in common. According to the final parenting plan entered in April 2023, Kronmeyer and Guesman have mutual decision-making power over childcare and educational decisions. The parenting plan provided that the parties would engage in mediation for dispute resolution. Their child support order provides that the parents shall split childcare and educational expenses proportionate to their incomes. In the summer of 2024, the parties disagreed about which early education program in which to enroll KK. Guesman enrolled KK in her preferred program. Kronmeyer moved for contempt, which was denied.

Nine months later, Kronmeyer filed a second motion for an order finding Guesman in contempt for violating the parenting plan's provision for mutual decision making by enrolling KK in her preferred school. Guesman also filed a motion for an order finding Kronmeyer in contempt of the child support order for failing to pay his proportionate share of childcare and educational expenses for the school. The trial court again found that Guesman was not in

contempt of the parenting plan but found Kronmeyer was in contempt of the child support order. The trial court ordered that Kronmeyer must pay the past due childcare and educational expenses to purge the contempt.

Kronmeyer argues that the trial court erred by finding him in contempt and not finding Guesman in contempt and by ordering that he pay the owing childcare expenses. We disagree and affirm.

FACTS

Kronmeyer and Guesman have a child, KK, in common. A final parenting plan was entered in April 2023. It is not disputed that the parenting plan gave joint decision-making authority over childcare and educational decisions. The parenting plan also provided that the parties would engage in mediation for dispute resolution. The child support order provided that the parents shall split childcare and educational expenses proportionate to their incomes. The order further provided that each parent pay their proportional share directly to the provider.[1]

Following entry of the final parenting plan, the parties disagreed over where KK should enroll in an early education program. Guesman enrolled KK in her preferred daycare program, without Kronmeyer's agreement. In July 2023, Kronmeyer filed a motion for an order to show cause, arguing that Guesman was in contempt of the final parenting plan's provision that the daycare provider for KK be a joint decision. Kronmeyer contended that Guesman enrolled KK in a daycare, over his objection, that was significantly more expensive than previous care. The trial court denied Kronmeyer's motion. Kronmeyer did not appeal that decision.

---

[1] Kronmeyer failed to designate both the parenting plan and the child support order in the record on appeal. Excerpts of the orders were read into the record at the contempt hearing and appear in the verbatim report of proceedings.

In March 2024, the trial court entered an order finding Kronmeyer in contempt for failing to pay his proportionate share of childcare expenses from September 2023 to January 2024. The trial court ordered Kronmeyer to pay Guesman $3,575 in childcare costs over the following three months.

In June 2024, Kronmeyer filed another motion for contempt, again arguing that Guesman had violated the parenting plan's provision for joint decision-making by enrolling KK in a childcare program to which he objected.[2] That same month, Guesman filed a motion for contempt, contending that Kronmeyer had failed to pay his proportional share of childcare expenses from February 2024 through June 2024.

The trial court held a hearing on both motions. As to Kronmeyer's motion, the trial court ruled that Guesman was not in contempt of the parenting plan by enrolling KK in a non-agreed-to childcare program over Kronmeyer's objection. Specifically, the trial court found that Guesman had not willfully violated the parenting plan. The trial court explained that while the parties disagreed about childcare, neither party requested mediation on the issue nor brought a motion with the court to determine the issue. The trial court noted that the court had reviewed the childcare issue in August 2023 and did not change the status quo at that time. The trial court directed Kronmeyer and Guesman to go to mediation to discuss the childcare provider per the 2023 parenting plan and file a motion with the court only if they are unable to reach an agreement.

---

[2] Kronmeyer did not designate this motion in the record on appeal, but he did include his declaration filed in support of the motion.

As to Guesman's motion for contempt, the trial court found that Kronmeyer was in contempt of the child support order by failing to pay his proportional share of childcare expenses between February 2024 and June 2024. The trial court found further that both parties were aware of the months and location where the child was receiving childcare between February 2024 and June 2024 and that childcare expenses were being incurred. The trial court considered receipts of Guesman's payments to the childcare provider for her proportional share of the expenses. The trial court stated that both parties had the ability to contact the childcare provider at any time to verify the monthly expenses incurred and to obtain information about the childcare charges.

The trial court noted that this was the second contempt finding against Kronmeyer since March 2024 regarding nonpayment for childcare expenses. In order to purge the contempt, the trial court required Kronmeyer to pay all the unpaid amounts, which totaled $7,221.60, within three months and to comply with the court orders moving forward.

Kronmeyer appeals.

ANALYSIS

We review a trial court's decision on contempt for an abuse of discretion. *DeVogel v. Padilla*, 22 Wn. App. 2d 39, 53, 509 P.3d 832 (2022). A trial court abuses its discretion if its decision is based on untenable grounds or untenable reasons. *In re Marriage of Davisson*, 131 Wn. App. 220, 224, 126 P.3d 76 (2006). We strictly construe the court order and a contempt finding must be supported by facts constituting a plain violation of the order. *Id*.

Kronmeyer first argues that the trial court erred by finding him in contempt. But Kronmeyer focuses his argument on his contention that Guesman violated the parenting plan. *See* Br. of Appellant at 7-9. To the extent Kronmeyer is attempting to argue that he had no

4

responsibility to pay his share of the childcare expenses because Guesman enrolled KK in her preferred program and over Kronmeyer's objection, his argument is unavailing. Nothing in the record supports the notion that Kronmeyer is only responsible for expenses to which he affirmatively agrees. It is undisputed that the child support order provides that the parents shall split childcare and educational expenses proportionate to their incomes.[3]

The trial court had previously found Kronmeyer in contempt for failing to pay his share of these expenses just three months earlier; he was well aware of his financial obligation. Kronmeyer was aware that KK was enrolled in childcare, he knew where KK was attending childcare, and he knew how to contact the provider. Nonetheless, Kronmeyer willfully failed to pay his proportional share of the childcare expenses. Additionally, Kronmeyer did not pursue mediation to resolve his dispute with Guesman about where KK would attend childcare, as provided for in the parenting plan. Under these facts, the trial court did not abuse its discretion by finding Kronmeyer in contempt for failing to pay his proportional share of the childcare expenses as ordered in the child support order.

Kronmeyer also argues that the trial court erred by not finding Guesman in contempt of the parenting plan for enrolling KK in her preferred childcare program. Kronmeyer contends that there were "many other options" for childcare and that Guesman is not under financial hardship. Br. of Appellant at 9. But even if true, these facts do not demonstrate that the trial court abused its discretion by not finding Guesman in contempt.

---

[3] Kronmeyer's argument that childcare was supposed to be a joint decision was rejected by the trial court at the show cause hearing. Kronmeyer did not appeal the trial court's ruling at the show cause hearing; instead, Kronmeyer has challenged the contempt order in this appeal. Thus, to the extent Kronmeyer is challenging an issue that was decided at the show cause hearing, his challenge is untimely.

The parties do not dispute that the parenting plan provided for joint decision-making authority over childcare and education decisions. While it is clear that Kronmeyer was not happy with Guesman's selection of childcare for KK, Guesman had the authority to enroll KK in a program. Kronmeyer could have pursued mediation to resolve the issue but did not. His passive acquiescence negates a finding that Guesman willfully violated the parenting plan such that the trial court abused its discretion by not finding her in contempt.

Finally, Kronmeyer argues that the trial court erred by ordering him to pay the outstanding childcare expenses in order to purge his contempt. He contends that Guesman failed to adequately prove that the expenses were actually incurred. Kronmeyer notes that Guesman supported her motion with a declaration from herself and the childcare provider, but dismisses their credibility as self-serving.

Notably, Kronmeyer failed to adequately perfect the record to support this argument. "The appellant has the burden of perfecting the record so that the court has before it all the evidence relevant to the issue." *In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); RAP 9.2(b). He did not designate the childcare provider's declaration. The transcript from the contempt hearing indicates that Guesman provided receipts for her payments to the childcare provider, representing her proportional share of the expenses. The receipts appear to reflect Guesman's portion of the childcare was paid by digital payment service. Based on these receipts and the undisputed fact that the child support order directs each parent to pay their proportional shares directly to the childcare provider, the trial court found the outstanding costs credible. On this record, the trial court did not abuse its discretion by ordering Kronmeyer to pay the back childcare costs in order to purge his contempt.

No. 59964-3-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
Che, J.

We concur:

_____
Le, P.J.

_____
Cruser, J.